PARTIAL SETTLEMENT
AGREEMENT AND RELEASE OF CLAIMS

This Partial Settlement Agreement and Release of Claims ("Agreement") is entered into by and between:

    a.   Zachary Putman;

    b.   Vasily Basargin, Ivan Basargin, Poluheria Basargin ("the Basargins" unless otherwise noted);

    c.   Safeco Insurance Company of Illinois ("Safeco").

WHEREAS, Zachary Putman was injured in a motor vehicle/motorcycle accident on July 6, 2005, at or near the intersection of Northern Lights Boulevard and Boniface Parkway in Anchorage, Alaska ("the accident");

WHEREAS, Vasily Basargin was operating the 1992 Chevrolet pick-up truck ("the motor vehicle in question") which struck Mr. Putman's motorcycle;

WHEREAS, the motor vehicle being operated by Vasily Basargin was owned by his parents, Ivan and Poluheria Basargin;

_____  _IB_  _PB_  _____  _____
 ZP    IB    PB    VB    Safeco

EXHIBIT 3
Page 1 of 13
EXHIBIT 4
Page 1 of 13

WHEREAS, Zachary Putman has filed suit in a case styled <u>Zachary Putman v. Vasily Basargin, Ivan Basargin and Poluheria Basargin</u>, Case No. 3AN-05-10947 Civil in the Superior Court for the State of Alaska, Third Judicial District at Anchorage (hereinafter "the civil action");

WHEREAS, the Basargins are insured with respect to their potential liability to Zachary Putman in the civil action by Safeco under Policy Number H1841365 ("Safeco Policy One"), which policy identified the motor vehicle in question as a "covered auto" at the time of the accident;

WHEREAS, Ivan and Poluheria Basargin are also named insureds under a second Safeco automobile policy, Policy No. H1841823 ("Safeco Policy Two") at the time of the accident;

WHEREAS, Zachary Putman contends, and Safeco disagrees, that the Basargins are also insured by Safeco under Safeco Policy Two for claims he has asserted in the civil action;

WHEREAS, Safeco has filed an action styled <u>Safeco Insurance Company of Illinois v. Vasily Basargin, Ivan Basargin, Poluheria Basargin and Zachary Putman</u>, Case No. 3:06-cv-00050-TMB, in the District Court of the United States for the District

- 2 -

| ZP | IB | PB | VB | Safeco |

EXHIBIT 3
Page 2 of 13
EXHIBIT 4
Page 2 of 13

of Alaska ("the federal declaratory judgment action"), in which Safeco seeks a judicial declaration that Safeco owes no duty to defend or indemnify any of the Basargins under Safeco Policy Two;

WHEREAS, the parties to this Agreement desire to enter into a partial settlement to provide payment of the undisputed monies payable under Safeco Policy One to Zachary Putman, to release and dismiss all of Zachary Putman's claims against the Basargins with prejudice, each side bearing its own costs and attorney's fees, to assign to Zachary Putman all of Ivan and Poluheria Basargin's rights to maintain that Safeco is obligated to provide indemnity to the Basargins under Safeco Policy Two with respect to the claims asserted by Zachary Putman in the civil action and to provide a mechanism which allows for a judicial determination of whether any of Putman's claims set forth in the civil action are covered by Safeco Policy Two;

WHEREAS, the Basargins have represented to Putman that they have no other insurance coverage which is applicable to pay any of the claims or any judgment based on the claims set forth in the civil action, and Putman has relied upon these representations in entering into this agreement;

- 3 -

| ZP | IB | PB | VB | Safeco |



EXHIBIT 3
Page 3 of 13
EXHIBIT 4
Page 3 of 13

WHEREAS, Putman's injuries and damages are so significant that Safeco agrees that if a final judgment is entered in "the federal declaratory judgment action," which concludes that any of the claims asserted in the civil action are covered by Safeco Policy Two, then Safeco will pay Putman the policy limits under Safeco's Policy Two.

THE PARTIES HEREBY AGREE AS FOLLOWS:

1. For and in consideration of the payment by Safeco to Zachary Putman of the sum of ONE HUNDRED TWELVE THOUSAND FIVE HUNDRED and NO/100 DOLLARS ($112,500.00), the receipt of which is hereby acknowledged, Zachary Putman, his assigns, agents, guardians and heirs, hereby release and forever discharge the Basargins, their successors in interest, heirs, assigns, agents, representatives, and attorneys, of and from all actions, causes of action, suits, controversies, claims, and demands of every kind and nature, whether mature or to mature in the future, arising in any way whatsoever out of, or in connection with, the accident, including but not limited to claims for damages arising out of any and all personal injuries, past or future pain and suffering, past or future emotional or mental suffering, stress or trauma, past or future medical expenses, past or future loss of wages, past or future loss of earning capacity, loss of use,

- 4 -

ZP    IB    PB    VB    Safeco




loss of consortium, any and all claims for consequential damages, any and all claims for punitive damages, interest, economic loss, attorney's fees, or other costs or expenses of any kind whatsoever.

    2.    In view of the Alaska Supreme Court case of <u>Witt v. Watkins</u>, 579 P.2d 1065 (Alaska 1978), the parties specifically agree and acknowledge that it is their intention, and that it is the purpose of this Agreement, to discharge absolutely the liability of the Basargins. In consideration of the payment referenced above, Zachary Putman hereby acknowledges and assumes all risk, chance or hazard that his damages may become different, or may become progressive, greater or more extensive than is now known, anticipated or expected. Furthermore, Zachary Putman specifically releases any right he may now or hereafter have to reform, rescind, modify or set aside this Agreement through mutual or unilateral mistake or otherwise except to the extent other applicable insurance is found to exist. The risk of such uncertainty and mistake is expressly assumed by Zachary Putman in consideration of the present payment herein mentioned.

    3.    The parties agree that Zachary Putman will not, either by himself or in concert with any other person, or by virtue of other judicial proceedings of any kind whatsoever, make

- 5 -

| ZP | IB | PB | VB | Safeco |



EXHIBIT 3
Page 5 of 13
EXHIBIT 4
Page 5 of 13

or cause to be made, acquiesce in or assist in, the bringing of any further claims or actions of any kind against the Basargins for damages or loss arising out of the matters described above, except to the extent that other applicable insurance is found to exist. The parties further agree that Zachary Putman shall, through counsel, execute a stipulation to dismiss all of his claims in the civil action with prejudice, each side bearing its own costs and attorney's fees, following execution of this Agreement.

4. The parties to this Agreement agree and acknowledge that the settlement reflected herein is the compromise of disputed claims, and that the payment made is not to be construed as an admission of fault or liability on the part of the Basargins, by whom all fault and liability is denied.

5. Zachary Putman hereby agrees that, in consideration of the payment referenced herein, he will satisfy, compromise or defend all subrogated liens or claims out of the settlement proceeds and he further agrees to defend, indemnify and hold harmless the Released Parties and Safeco from any subrogated claim, demand or lien which may be asserted against any of the Releasees by any third party claiming or asserting a subrogated claim or lien, specifically including, but not limited

- 6 -

| ZP | IB | PB | VB | Safeco |

EXHIBIT 3
Page 6 of 13
EXHIBIT 4
Page 6 of 13

to, any claims or demands by or from any health care providers who provided care to Zachary Putman at any time following the accident on July 6, 2005. In relation to the above, Zachary Putman affirms that as of the date of this settlement, he has not applied for or received Medicaid or Medicare assistance for any of the medical expenses he has incurred as a result of the accident.

      6. In consideration of Zachary Putman's release, as set forth in paragraph 1, above, the Basargins hereby assign to Zachary Putman any right or claim they have to assert that Safeco Policy Two applies to the liability claims Zachary Putman has asserted in the civil action against them. In further consideration of the release set forth in paragraph 1, above, Safeco agrees that if the court in the federal declaratory judgment action concludes that coverage is afforded under Safeco's Policy Two for any of the claims asserted by Putman in the civil action, then Safeco will pay the limits of Safeco's Policy Two to Putman. Safeco hereby agrees that Zachary Putman may assert the assigned claim against Safeco for damages set forth in the civil action despite the fact that Zachary Putman has, by and through his execution of this Agreement, released any and all claims as against the Basargins. It is the express intent of the parties to this Agreement that the only damage

- 7 -

| ZP | IB | PB | VB | Safeco |



EXHIBIT 3
Page 7 of 13
EXHIBIT 4
Page 7 of 13

claims which will survive this agreement are the claims set forth in the civil action, but only to the extent of the policy limits of Safeco's Policy Two. The only claim being assigned to Zachary Putman by the Basargins is a claim for contract benefits under Safeco Policy Two, restricted to the claim or allegation that Safeco is obligated to indemnify the Basargins with respect to their liability, if any, to Zachary Putman with respect to the damages he sustained as a result of the accident. The parties to this Agreement further agree that they shall execute the appropriate stipulation to dismiss the Basargins from the federal declaratory judgment action.

7. This Agreement may be executed in one or more counterparts, each of which shall constitute an original, and that, together, the signed counterparts shall constitute the entire agreement of the parties.

8. The parties hereby declare that the terms of this Agreement have been carefully read and are fully understood and are voluntarily accepted for the purpose of making a full and final compromise of any and all claims against the Basargins, disputed or otherwise, for and on account of the injuries and damages above-mentioned.

- 8 -

ZP    IB    PB    VB    Safeco



EXHIBIT 3
Page 8 of 13

EXHIBIT 4
Page 8 of 13

final compromise of any and all claims against the Basargins, disputed or otherwise, for and on account of the injuries and damages above-mentioned.

9. This Agreement shall be construed under the laws of the State of Alaska.

IN WITNESS WHEREOF I have hereunto set my hand this 20th day of March, 2006.

READ BEFORE SIGNING

_____
ZACHARY PUTMAN

SUBSCRIBED AND SWORN to before me this 20th day of March, 2006.



_____
Marsha K. Fowler
Notary Public, State of Alaska
My Commission Expires: 9-20-2007

- 9 -

ZP    IB    PB    VB    Safeco

EXHIBIT 3
Page 9 of 13
EXHIBIT 4
Page 9 of 13

IN WITNESS WHEREOF I have hereunto set my hand this ____ day of 28/006 _____, 2006.

READ BEFORE SIGNING

_Ivan Basargin_
IVAN BASARGIN

SUBSCRIBED AND SWORN to before me this 28th day of March, 2006.

_[signature]_
Notary Public, State of Alaska
My Commission Expires: 10/11/06


IN WITNESS WHEREOF I have hereunto set my hand this 14 day of 4 _____, 2006.

READ BEFORE SIGNING

_Poluheria Basargin_
POLUHERIA BASARGIN

SUBSCRIBED AND SWORN to before me this 14th day of April, 2006.

_[signature]_
Notary Public, State of Alaska
My Commission Expires: 10/11/06

- 10 -

ZP    IB    PB    VB    Safeco

EXHIBIT 3
Page 10 of 13
EXHIBIT 4

IN WITNESS WHEREOF I have hereunto set my hand this 24 day of March, 2006.

READ BEFORE SIGNING

_____
VASILY BASARGIN

SUBSCRIBED AND SWORN to before me this 24th day of March, 2006.

_Gwen L. Helms_
Notary Public, State of Alaska
My Commission Expires: _with office_

- 11 -

ZP   IB   PB   VB   Safeco

EXHIBIT 3
Page 11 of 13
EXHIBIT 4
Page 11 of 13

IN WITNESS WHEREOF I have hereunto set my hand this __8__ day of ___MAY___, 2006.

READ BEFORE SIGNING

SAFECO INSURANCE COMPANY OF ILLINOIS

By: _____

Its: __CLAIMS SPECIALIST__

SUBSCRIBED AND SWORN to before me this __8th__ day of __MAY__, 2006.

_____
Notary Public, State of Washington
My Commission Expires: __Jan 22, 2008__

[Notary Seal: ALBETTA M. DAYE, COMMISSION EXPIRES JAN 22, 2008, NOTARY PUBLIC, STATE OF WASHINGTON]

- 12 -

ZP   IB   PB   VB   Safeco

EXHIBIT __3__
Page __12__ of __13__
EXHIBIT __4__
Page __12__ of __13__

## ATTORNEY'S REPRESENTATION

I, Elliott T. Dennis, hereby declare that I am the attorney representing Zachary Putman in the above-matter and that I have carefully and fully explained the terms, provisions and effects of this Agreement and that Mr. Putman has represented to me that he believes he understands and appreciates the significance of those terms, provisions and effects.

DATED: 3-20-06     By: _____
                        Elliott T. Dennis

F:\DATA\5500\1771\other\Revised Settlement Agt and Release of Claims.doc

- 13 -

ZP    IB    PB    VB    Safeco

EXHIBIT 3
Page 13 of 13

EXHIBIT 4
Page 13 of 13