IN THE SUPERIOR COURT OF THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

ZACHARY PUTMAN, )
)
          Plaintiff, )
)
v. )
)
VASILY BASARGIN, IVAN )
S. BASARGIN and )
POLUHERIA BASARGIN, )
)
          Defendants. )
_____)  Case No.: 3AN-05-_____CV

## COMPLAINT

Plaintiff, Zachary Putman, for his cause of action against the Defendants, complains and alleges as follows:

1. At all times relevant hereto, Plaintiff was a resident of the state of Alaska.

2. At all times relevant hereto, Defendant Vasily Basargin (Vasily) was a resident of the state of Alaska. Defendants Ivan S. Basargin and Poluheria Basargin were married, the parents of Vasily, and resided in the state of Alaska.

3. On July 6, 2005, the Plaintiff was operating his motorcycle in a lawful manner at or near the intersection of Northern Lights Blvd. and Boniface Parkway in Anchorage, Alaska when he was struck by a motor vehicle driven by Vasily and owned by Ivan S. and Poluheria Basargin.

4. As a result of the collision between the motor vehicle operated by Vasily and the Plaintiff, Plaintiff has suffered or will in the future suffer severe physical injuries which are permanent in nature, significant loss of earnings and earning capacity, tens of thousands of dollars

Law Offices of Elliott T. Dennis
1503 West 31st Avenue, Suite 201
Anchorage, AK 99503
Phone: (907) 929-4890 FAX: (907) 929-4891
elliott@attorneydennis.com

in medical and rehabilitation expenses, and other injuries and damages as will be proven at the time of trial.

## COUNT I
### (Negligence)

5. Plaintiff incorporates by reference paragraphs 1 through 4 above as though fully set forth herein.

6. At all times relevant hereto, Vasily drove the motor vehicle he was operating in a negligent manner.

7. As a direct and proximate result of Vasily's negligence, Plaintiff suffered the damages previously alleged, and he is entitled to a judgment against Vasily in excess of $500,000, the exact amount to be proven at the time of trial.

## COUNT II
### (Negligence Per Se)

8. Plaintiff incorporates by reference paragraphs 1 through 7 above as though fully set forth herein.

9. At all times relevant hereto, Vasily was driving in a manner which violated several statutes intended to provide for the safety of other motorist on the public roads, such as the Plaintiff. Violation of those statutes is negligence *per se*.

10. Vasily's unlawful conduct is the direct and proximate cause of the injuries and damages suffered by the Plaintiff and Plaintiff is entitled to a judgment against Vasily in excess of $500,000, the exact amount to be proven at the time of trial.

## COUNT III
### (Punitive Damages)

11. Plaintiff incorporates by reference paragraphs 1 through 10 above as though fully set forth herein.

12. At the time of the collision between the vehicle operated by Vasily and the Plaintiff, Vasily was acting in a willful and wanton manner in reckless disregard for the rights of the Plaintiff.

13. Vasily's willful, wanton, and reckless conduct was a direct and proximate cause of the damages sustained by the Plaintiff.

14. Plaintiff is entitled to a judgment for punitive damages against the Vasily in excess of $1 million, the exact amount to be proven at trial.

## COUNT IV
### (Negligence)

15. Plaintiff incorporates by reference paragraphs 1 through 14 above as though fully set forth herein.

16. At all times relevant hereto Ivan S. and Poluheria Basargin as owners of the vehicle operated by Vasily at the time of the July 6, 2005, collision, acted negligently and their negligence was a direct and proximate cause of the damages suffered by the Plaintiff.

17. Plaintiff is entitled to a judgment against Ivan S. and Poluheria Basargin for in excess of $500,000, the exact amount to be proven at the time of trial.

## COUNT V
### (Negligent Control)

18. Plaintiff incorporates by reference paragraphs 1 through 17 above as though fully set forth herein.

19. At all times relevant hereto, Ivan S. and Poluheria Basargin had the ability and right to exercise exclusive control over the vehicle which collided with Plaintiff and caused his injury.

20. Ivan S. and Poluheria Basargin breached their duty of control by failing to secure that vehicle so it could not be operated by Vasily though they knew or should have known he would use the vehicle and would endanger other members of the public if they failed to exercise control over this vehicle.

21. As a direct and proximate result of Ivan S. and Poluheria Basargin's negligent breach of their duty to secure the vehicle, Plaintiff suffered injuries and damages as described above.

22. Plaintiff is entitled to a judgment against Ivan S. and Poluheria Basargin for in excessive of $500,000, the exact amount to be proven at the time of trial.

## COUNT VI
### (Negligent Entrustment)

23. Plaintiff incorporates by reference paragraphs 1 through 22 above as though fully set forth herein.

24. At all times relevant hereto Ivan S. and Poluheria Basargin allowed Vasily to operate the vehicle though they knew or should have known that he was likely to operate the vehicle in a negligent manner which was likely to cause injury and damages to other motorist such as the Plaintiff.

25. Ivan S. and Poluheria Basargin were negligent in entrusting the vehicle to Vasily and Plaintiff suffered injuries and damages as a direct and proximate result of said negligence.

26. Plaintiff is entitled to a judgment in excess of $500,000 against Ivan S. and Poluheria Basargin the exact amount to be proven at the time of trial.

WHEREFORE, Plaintiff prays for entry of a judgment against Defendant Vasily for in excess of $500,000, in economic and non-economic damages and in excess of $1 million in punitive damages, against Defendants Ivan S. and Poluheria Basargin for in excess of $500,000, the exact amount to be proven at the time of trial, and entry of judgment against all Defendants for Plaintiff's costs, interest, and attorney fees incurred herein, and for such other and further relief as may be just and proper.

DATED this 29th day of August, 2005.

LAW OFFICES OF ELLIOTT T. DENNIS
Attorney for Plaintiff

By: _____
Elliott T. Dennis
ABA #7610087