Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:  (907) 793-2200
Fax:    (907) 793-2299
E-mail: gzipkin@guessrudd.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ZACHARY PUTMAN,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cv-00050 TMB<br>)<br>) |

SAFECO'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
<u>DEFENDANT PUTMAN'S CROSS MOTION FOR SUMMARY JUDGMENT</u>

<u>Introduction</u>

　　　　Nothing in Mr. Putman's opposition to Safeco's motion for summary judgment establishes coverage for his claims under the second Safeco policy and nothing in that opposition provides a basis upon which summary judgment should be denied to Safeco. His attempt to gain coverage through the doctrine of reasonable expectations fails for the simple reason that no reasonable insured would expect to be covered under Auto Policy Two, since that policy clearly and expressly informs the insured that it

will not provide liability coverage for an accident involving a vehicle the insured owns but does not insure under that policy.

The parties agree on the underlying facts, the standard of review, and much of the applicable law. Where the parties' positions diverge is on how to apply that law to interpret the language of this policy under this set of facts. Putman's approach is to attempt to find ambiguity where there is none and thereby force a policy construction which no reasonable person would have. Safeco simply relies on the fact that its policy clearly spells out that there is no coverage for an accident arising out of the ownership, maintenance or use of a vehicle owned by the Basargins but not insured under Auto Policy Two.

## Discussion

The focal point of this case is the language of the policy itself. See, e.g., Bering Strait School Dist. V. RLI Ins. Co., 873 P.2d 1292, 1294 (Alaska 1994)("obligations of insurers are generally determined by the terms of their policies"). From that basis, the court must determine what reasonable expectations would be drawn from reading that language by a person of ordinary intelligence. O'Neill Investigations, Inc. v. Illinois Employers Ins. of Wausau, 636 P.2d 1170, 1175, 1176-77 (Alaska 1981); Jarvis v. Aetna Cas. and Sur. Co., 633 P.2d 1359, 1363 (Alaska 1981). Safeco will first briefly address Putman's attempt to

distinguish the relevant case law that supports Safeco's position, but the majority of the discussion will focus on the analysis of the policy language itself, and why an insured would not reasonably expect coverage for this loss.

1. <u>Case Law Supports Enforcement of Exclusion</u>.

As Putman candidly acknowledges, Alaska courts <u>do</u> enforce exclusionary language in insurance policies so long as the particular exclusion is clearly stated. <u>Insurance Co. of No. America v. State Farm Mut. Auto. Ins. Co.</u>, 663 P.2d 953, 955 (Alaska 1983). That rule has been applied in a variety of settings. See, e.g., <u>State Farm Fire and Cas. Co. v. Bongen</u>, 925 P.2d 1042 (Alaska 1996)(earth movement exclusion in homeowners policy); <u>Allstate Ins. Co. v. Ellison</u>, 757 F.2d 1042 (9th Cir. 1985)(exclusion in homeowners policy for use of aircraft as including claims for negligent entrustment); <u>New York Life Ins. Co. v. Rogers</u>, 641 P.2d 218 (Alaska 1982)(term in life insurance policy excluding deaths resulting from flight while insured was a pilot).

Exclusions for "owned but uninsured" motor vehicles have been a common feature of automobile insurance policies for more than 50 years. For instance, in <u>Island v. Fireman's Fund Indem. Co.</u>, 30 Cal. 2d 541, 184 P.2d 153 (1947), the court noted that the automobile insurance policy at issue there:

> extended the coverage to any other automobile operated by [the insured], but upon the specific condition that the additional insurance should not apply "(a) to any automobile owned in full or in part by, registered in the name of, hired as part of a frequent use of hired automobiles by, or furnished for regular use to, the named insured or a member of his household other than such chauffeur or servant. . . ."

30 Cal. 2d at 543, 184 P.2d at 153-54.

Putman's main objections to the validity of the specific exclusion here seems to be that he finds it less clearly written than other similar exclusions, and not broad enough to encompass claims of negligent entrustment. Neither of these objections is sufficient to bring this claim within the coverage of the policy.

Putman argues that the policy would exclude the negligent entrustment claims against Ivan and Poluheria Basargin if only exclusion B.2 had included the additional phrase "arising out of" prior to the phrase "ownership, maintenance or use." However, the policy says quite clearly that it does not provide coverage for the ownership of a vehicle other than a covered auto owned by the insured. A negligent entrustment claim is clearly such a claim, whether the phrase "arising out of" precedes the terms "ownership, maintenance or use" or not.

In <u>Cooperative Fire Ins. Ass'n v. Gray</u>, 157 Vt. 380, 599 A.2d 360 (1991), the question was whether an auto policy

should provide coverage for an accident by the named insureds' son driving a car he owned, but which was not a listed vehicle on his parents' policy. Since the vehicle was not owned by the parents, but by a family member, the exclusion was analogous to Exclusion B.3 in Auto Policy Two, providing in relevant part that:

> We do not provide Liability Coverage for the ownership, maintenance or use of:
>
> . . . .
>
> 3. Any vehicle, other than your covered auto, which is:
>
> a. owned by a family member; or
>
> b. furnished for the regular use of any family member.
>
> This exclusion does not apply to your maintenance or use of any vehicle which is:
>
> a. owned by a family member; or
>
> b. furnished for the regular use of a family member.

599 A.2d at 362. The negligent entrustment claims made against the parents were found <u>not</u> to be covered, as the exclusion clearly "operates to exclude coverage for an accident involving an unlisted vehicle owned by a family member, or furnished for his or her regular use, and not maintained or used by an insured." <u>Id</u>. at 363. The court found no ambiguity in the absence of the phrase "arising out of" in the exclusion. Broadly excluding claims for the ownership of the vehicle was sufficient

to encompass the negligent entrustment claims against the parents. The same is true here.

As the Alaska Supreme Court noted in Jones v. Horace Mann Ins. Co., 937 P.2d 1360, 1367 (Alaska 1997), a "claim of negligent supervision is subject to the restrictions surrounding coverage of the underlying accident." The underlying accident here involved a vehicle owned by the insured, but not insured under this policy. There could be no reasonable expectation of coverage for a negligent supervision claim resulting from that accident.

Putman criticizes Safeco for citing Grange Ins. Ass'n. v. MacKenzie, 37 Wash. App. 703, 683 P.2d 221 (1984), aff'd, 103 Wash. 2d 708, 694 P.2d 1087 (1985), since the Washington Court of Appeals focused more on the part of the exclusion dealing with whether a vehicle was "furnished or available for regular use." This much is true, and Safeco has already pointed out that difference. The important point in citing that case (ignored by Putman) was that the court found nothing particularly ambiguous about the exclusion so as to render it unenforceable.

Putman wrongly suggests that "nothing in the opinion indicates that the disputed policy provision is similar" to the exclusion in Auto Policy Two. The exclusion there is worded

MEMORANDUM IN SUPPORT OF SAFECO'S MOTION FOR SUMMARY JUDGMENT
AND OPPOSITION TO PUTMAN'S CROSS-MOTION FOR SUMMARY JUDGMENT
Safeco v. Putman, Case No. 3:06-cv-00050 TMB

somewhat differently, but the two are not dramatically different. The Grange policy provided:

> (d) This insuring agreement does not apply:
>
> (1) To any [other] automobile owned by or furnished for regular or frequent use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such insured or spouse.

37 Wash. App. at 704, 683 P.2d at 222.  Like the Safeco exclusion, it states in straightforward language that the policy will not apply to an auto that the insured owns but does not insure under the policy.  The court's full comments on this clause were as follows:

> The language is not ambiguous; it is as plain and "popular" as insurance language can be, and there is no need to construe it.  First, it tells the insured that, if he uses an automobile not listed in the policy, he will not be covered *if his use is frequent*.  It also tells him that he will not be covered *if his use is regular, whether or not it is frequent*.  Second, it tells the insured that if he uses an automobile not listed in the policy which is owned by another member of the household, he will not be covered under any conditions.

Id. at 705, 683 P.2d at 222.  The court there found no reason to limit the exclusion due to the absence of a qualifying phrase such as "arising out of."  If the use of the auto was one "not listed in the policy which is owned by another member of the household," the claim would "not be covered <u>under any conditions</u>."  (emphasis added).

That is the circumstance here. There is simply nothing in the policy that would lead an ordinary <u>reasonable</u> layperson to conclude that there would be coverage of any kind in the event an auto owned by the insured, but not insured under this policy, was involved in an accident. Regardless of whether the theory was that the insured drove the vehicle negligently himself, or that he negligently entrusted the vehicle to another, the exclusion clearly informs him that there is <u>no coverage</u> for an accident involving that vehicle.

Putman does little to distinguish <u>The Automobile Ins. Co. of Hartford v. Curran</u>, 994 F. Supp. 324 (E.D. Pa. 1998), a case in which a negligent entrustment claim was made against the named insured for the operation of a vehicle that he owned (or which was available for his regular use), and where the exclusion was nearly identical to the one at issue here. All that Putman argues is that Pennsylvania takes a somewhat different route to evaluate a disputed policy provision. The difference, to the extent there is any, is insignificant with respect to the evaluation of this particular exclusion. The court there found the provision to be clear and unambiguous, and sufficient to exclude coverage for the negligent entrustment claims against the named insured. 994 F. Supp. at 331.

2. Safeco's Policy Clearly
   <u>Excludes Coverage For This Accident</u>.

Safeco Auto Policy Two[1] clearly and unambiguously excludes the accident between Mr. Putman and Vasily Basargin from coverage in language understandable to the reasonable layperson. Exclusion B.2 provides in clear language that "[w]e do not provide Liability Coverage for the ownership, maintenance or use of . . . [a]ny vehicle, other than **your covered auto**, which is . . . owned by you." Ivan and Poluheria Basargin owned the vehicle involved in the accident, a 1992 Chevrolet pickup truck. That truck did not fit within the definition of "your covered auto" as defined in Auto Policy Two. On the other hand, the 1992 pickup <u>was</u> listed in the Declarations, and clearly falls within the definition of "your covered auto" under Auto Policy One.[2]

Putman's attempt to create ambiguity begins with the general grant of coverage that nearly every liability policy contains, in which the insurer agrees to pay damages "for which the insured becomes legally responsible" to pay due to an accident. He claims that this broad grant of coverage cannot be reconciled with the later exclusionary language. However, the existence of exclusions reducing the scope of what the policy covers hardly comes as a surprise to any reasonable insured. Exclusions will always operate to reduce the scope of coverage. They are, after all, <u>exclusions</u>.

---

[1] See, Exhibit 2 to Safeco's Motion for Summary Judgment.

MEMORANDUM IN SUPPORT OF SAFECO'S MOTION FOR SUMMARY JUDGMENT
AND OPPOSITION TO PUTMAN'S CROSS-MOTION FOR SUMMARY JUDGMENT
<u>Safeco v. Putman</u>, Case No. 3:06-cv-00050 TMB
Page 9 of 17

In <u>Providence Washington Ins. Co. v. Alaska Pacific Ins. Co.</u>, 603 P.2d 899 (Alaska 1979), the Alaska Supreme Court addressed questions dealing with the enforcement of an exclusion of a certain class of persons (who were owners or lessees of hired vehicles) from the definition of the term "insured" under an automobile insurance policy.  Although the insurance policy would have otherwise granted coverage to those persons without the exclusion, the court observed that <u>"[i]t is difficult to understand the function of the owner exclusion clause if it does not take away coverage from those who, except for its existence, would come within the definition of persons insured."</u>  <u>Id</u>. at 902 (emphasis added).  The court further noted that inclusionary and exclusionary clauses "cannot be viewed as totally separate entities" that create a logical conflict, especially where the exclusion related directly to the subject that would otherwise have been included in coverage.  <u>Id</u>.

The same is true here.  The grant of liability coverage, while nominally broad if read only on its own, is specifically reduced by Exclusion B.2, which begins "[w]e do not provide Liability Coverage for" the specific situation involved here, namely the "ownership, maintenance or use of . . . [a]ny vehicle, other than **your covered auto**, which is . . . owned by you."[3]  This clear and straightforward exclusion should be

---

[2] Ex. 1 to Safeco's Motion for Summary Judgment, p. 4.
[3] Ex. 2, p. 15.

enforced to achieve the obvious intent of the policy with respect to the operation of vehicles owned by the named insured -- only those that meet the definition of the term "your covered auto" are covered by the policy.

Putman complains that the term "Liability Coverage," contained within the relevant exclusion, would be confusing to a layperson. The exclusion appears on the second page of a section of the policy that begins under a double-lined divider, in which is printed in all capital letters, in bold, "**PART A - LIABILITY COVERAGE.**" The first item in that section, under the heading "INSURING AGREEMENT" is the grant of coverage. A reasonable insured would be able to discern that "Liability Coverage" refers to the matters covered by the part of the policy that prominently carries that label. That would, in turn, lead a reasonable person who read along to determine that the exclusion refers to that part of the policy that would otherwise grant coverage for "**bodily injury** or **property damage** for which an **insured** becomes legally responsible because of an auto accident."[4]

The words "[w]e do not provide Liability Coverage for" would alert a reasonable insured, in terms that are understandable to an average layperson, that the agreement to pay damages for certain legal responsibilities of the insured will <u>not</u> apply if the described condition that follows that phrase

---

[4] Ex. 2, p. 14.

applies. Here, there is no question that the described condition in fact applied. Vasily Basargin was driving a vehicle that was owned by the named insureds, but was not insured under Auto Policy Two. That situation is specifically and clearly excluded from coverage.

The exclusion is written in words that an average and reasonable person would understand. As Putman acknowledges, as he must, that the law in Alaska on policy exclusions is that "[w]here an insurance company by plain language limits the coverage of its policy, we recognize that restriction." <u>C.P. ex rel. M.I. v. Allstate Ins. Co.</u>, 996 P.2d 1216, 1222 (Alaska 2000). The words of the exclusion are plain, straightforward, and advise the insured that, as in this instance, if there is an accident involving a car owned by the insured, but not insured under the policy, there is no coverage.

Putman delves further into the policy language in a futile effort to find some latent ambiguity. He attacks Safeco's definition of the term "your covered auto" by protesting that the definition uses "insurance jargon" because it refers to automobiles "shown in the Declarations." The word "shown" is hardly jargon, and despite Putman's assertion that it would be confusing to an insured, who might expect to see a picture of his vehicle in the policy, the dictionary definition reveals several primary definitions that "show" this argument to be fallacious.

> **show; showed; shown  1.** to cause or permit to be seen: exhibit;  **2.** to offer for sale; **3.** to present as a public spectacle: perform; **4.** to display for the notice of others; **5.** to reveal by one's condition, nature, or behavior; **6.** to give indication or record of; **7.a.** to point out to someone.

Webster's Ninth New Collegiate Dictionary, at p. 1091 (1987). The definition goes on to explain that the term "show" "implies no more than to invite notice or attention." Id.  That is all that is meant by the word in the definition of "your covered auto."  It directs the insured to the Declarations, where specific vehicles covered by the policy are shown.  A <u>reasonable</u> insured would never achieve the level of confusion suggested in Putman's brief.

Next, Putman assails the term "Declarations" as too confusing for a layperson.  Assuming, for the sake of argument, that Putman is correct, and that the average layperson is completely unfamiliar with the meaning of the term "Declarations" in an insurance policy, the person would nonetheless have no trouble locating the Declarations.  The page that most insureds look to first and foremost in the policy is the page on which the policy premiums are listed.  That page of the policy is entitled, in bold capital letters, "**AUTO POLICY DECLARATIONS.**"[5]  Even if the term "declarations" may accurately be called "insurance jargon," all that is necessary here is for the insured to locate

---

[5] Ex. 2, p. 10.

the place in the policy where a vehicle is "shown in the declarations." That page is not at all difficult to locate.

Finally, Putman vainly attempts to find ambiguity in paragraph K.2. of the definition of the term "your covered auto" by reading only a part of that paragraph, ignoring the fact that the paragraph clearly addresses itself to <u>newly acquired vehicles</u>. A vehicle not listed in the declarations may become a covered auto "on the date you become the owner" but "only if you ask us to insure the newly acquired vehicle within the policy period in which it was acquired or within thirty days after you become the owner, whichever is greater."[6] Putman offers no reason why the policy's language should be read only in part to meet some <u>unreasonable</u> expectation of coverage. "It is well established that when a court construes an insurance contract, it must consider the contract in its entirety." <u>Bering Strait Sch. Dist. v. RLI Ins. Co.</u>, 873 P.2d 1292, 1299 (Alaska 1994)(citing <u>U.S. Fire Ins. Co. v. Colver</u>, 600 P.2d 1, 3 (Alaska 1979); <u>Rig Tenders, Inc. v. Santa Fe Drilling Co.</u>, 585 P.2d 505, 509 (Alaska 1978); <u>Ness v. National Indem. Co.</u>, 247 F. Supp. 944, 948 (D. Alaska 1965)).

The 1992 Chevrolet pickup in question could <u>not</u> have been considered by any reasonable insured to be a "covered auto" under Auto Policy Two. First, the insured would have understood that the 1992 pickup was one of the vehicles shown in the

---

[6] Ex. 2, p. 13.

declarations of Auto Policy <u>One</u>.  It was not a newly acquired vehicle to be added to Auto Policy Two, nor was it a replacement for the Subaru listed in Auto Policy Two.  It stretches credulity to imagine that a reasonable insured could form an expectation of coverage under Auto Policy Two for an accident involving the 1992 pickup.  The language of the policy does not lead to that conclusion, nor does any extrinsic evidence concerning the ownership or use of that pickup.  Where an insured seeks to rely upon extrinsic facts to show an expectation of coverage, it must be "based on specific facts which make its expectations reasonable."  <u>Allstate Ins. Co. v. Ellison</u>, 757 F.2d 1042, 1044 (Alaska 1985).  Putman has advanced no specific facts that would permit such a conclusion.

     The only showing made by Putman is his obvious desire to obtain more insurance coverage for his injuries than is provided by the policy which covers the vehicle that was being operated by Vasily Basargin -- Auto Policy One.  However, as the Alaska Supreme Court has observed, "since most insureds develop an expectation that every loss will be covered, the reasonable expectations doctrine 'must be limited by something more than the fervent hope usually engendered by loss.'"  <u>State Farm Fire and Cas. Co. v. Bongen</u>, 925 P.2d 1042, 1047 (Alaska 1996)(quoting <u>Millar v. State Farm Fire and Cas. Co.</u>, 167 Ariz. 93, 804 P.2d 822, 826-27 (1990)).

In other words, this case is driven not by any real ambiguity in the policy that would lead a reasonable insured to expect coverage for this accident, but by a seriously injured party who hopes to obtain additional money for his damages even though the loss is clearly excluded from coverage under this policy. Safeco is not obligated under the terms of Auto Policy Two to compensate Mr. Putman for injuries he received in the accident involving the 1992 Chevrolet pickup driven by Vasily Basargin that was insured under Auto Policy One.

## Conclusion

For the foregoing reasons, the court should grant Safeco's motion for summary judgment and enter a judgment declaring that the claims asserted by Mr. Putman are not covered under Safeco's Auto Policy Two.

DATED at Anchorage, Alaska, 21st day of August, 2006.

        GUESS & RUDD P.C.
        Attorneys for Plaintiff

By:     s/Gary A. Zipkin
    Guess & Rudd P.C.
    510 L Street, Suite 700
    Anchorage, Alaska  99501
    Phone: 907-793-2200
    Fax:   907-793-2299
    Email: gzipkin@guessrudd.com
    Alaska Bar No. 7505048

CERTIFICATE OF SERVICE

I hereby certify that on the
21st day of August, 2006, a copy
of the foregoing document was served
electronically on:

    Elliott T. Dennis, Esq.

Guess & Rudd P.C.


By:   s/Gary A. Zipkin
F:\DATA\5500\1771\pleading\13 opp to XMSJ.doc