UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ZACHARY PUTMAN,<br><br>　　　　　　Defendant. | No. 3:06-cv-00050-TMB<br><br>MEMORANDUM DECISION and ORDER<br>[Re: Motions at Docket Nos. 20 and 26] |

## I. MOTIONS PRESENTED

At Docket No. 20 Plaintiff Safeco Insurance Company of Illinois ("Safeco") has filed a motion for summary judgment. At Docket No. 26 defendant Zachary Putman ("Putman") has opposed Safeco's motion and cross-moved for summary judgment. Safeco has opposed Putman's cross-motion and both parties have replied to the oppositions. At Docket No. 33 Safeco has requested oral argument and at Docket 34 Putman has suggested that the matter has been adequately briefed and oral argument is unnecessary. The Court has determined that oral argument would not assist the Court in deciding the issues presented. The request for oral argument at Docket No. 33 is denied and the matter is submitted on the moving papers and oppositions.

## II. BACKGROUND/JURISDICTION

The facts of this case are not in dispute. This lawsuit arises out of an accident in July 2005 in which Putman was injured when he was hit by a 1992 Chevrolet pickup driven by Vasily Basargin ("Vasily") and owned by his parents, Ivan S. and Poluheria Basargin (collectively "Basargins"). It is uncontested that Vasily was at fault. The vehicle in question was insured by a Safeco policy that expressly identified the vehicle in the Declarations page ("Policy 1"). Safeco has paid Putman full policy limits Policy 1 and Safeco's obligations under that policy is not at issue in this case.

Safeco also issued another policy to the Basargins ("Policy 2") which by its express terms insured another vehicle owned by the Basargins, but did not include the 1992 Chevrolet pickup driven by Vasily among the vehicles listed in the Declarations page. Putnam contends that the vehicle involved in the accident, although not specifically identified on the Declarations page, is nonetheless covered by Policy 2. Safeco denies that the coverage of Policy 2 extends to the 1992 Chevrolet pickup involved in the accident. Putman brought suit in the Alaska Superior Court, which was resolved by a settlement agreement under which Safeco paid policy limits under Policy 1 for the release of the Basargins and they assigned to Putman any rights they might have to coverage under Policy 2.

Safeco initiated this declaratory relief action under 28 U.S.C. § 2201 to determine the rights of the parties under Policy 2. Safeco is an insurance company organized under the laws of the State of Illinois, with its principal place of business located in Seattle, Washington. Both the insureds, the Basargins, and the injured party, Putman, are residents of the State of Alaska. The amount in controversy exceeds $75,000.00. This Court has jurisdiction under 28 U.S.C. § 1332(a).

### III.  ISSUE PRESENTED

The issue presented by the motion and cross-motion for summary judgment is a fairly narrow one: was Vasily an "insured" to whom coverage was extended under Policy 2? To resolve the issue, the Court must undertake a two-step process. First, the Court must look to see if the incident falls within the scope of the Insuring Agreement of the Policy. If it does not fall within the Insuring Agreement, the inquiry ends there. If it does fall within Insuring Agreement, the Court moves to the second step: determine if the incident is otherwise excluded from coverage under the Exclusions.

### IV.  APPLICABLE LAW

Generally, a federal court exercising diversity jurisdiction applies the law of the forum state,[1] including its choice of law rules.[2] When interpreting state law, this Court

---

[1] *Conestoga Servs. Corp. v. Executive Risk Indem., Inc.*, 312 F.3d 974 (9th Cir.2002).

[2] *Fields v. Legacy Health Systems*, 413 F.3d 943, 950 (9th Cir.2005).

is bound by the decisions of the state's highest court. In the absence of a decision by the highest state court, this Court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance."[3] In deciding choice of law questions, Alaska generally looks to the Restatement and for contract cases has adopted the "most significant contacts" test.[4] In this case the insured is an Alaska resident, the policy insured activities expected by the parties to be conducted in Alaska, and the injury upon which the claim is based occurred in Alaska. Alaska clearly has the most significant contacts in this case. In addition, the Alaska Supreme Court has consistently applied Alaska law to cases involving foreign insurers in disputes where the insured is an Alaska resident.[5] Consequently, the substantive law to be applied in this case is the law of Alaska.

## V. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[6] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[7] In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there

---

[3] *S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 473 (9th Cir.2001); *Paulman v. Gateway Ventures Partners III L.P.* (*In re Filtercorp, Inc.*), 163 F.3d 570, 578 (9th Cir.1998).

[4] *Palmer G. Lewis Co., Inc. v. ARCO Chemical Co.*, 904 P.2d 1221, 1227 (Alaska 1995) (adopting RESTATEMENT (SECOND) CONFLICT OF LAWS, § 188).

[5] *See, e.g., Dugan v. Atlanta Cas. Companies*, 113 P.3d 652, 655 (Alaska 2005) and the cases cited therein.

[6] FED. R. CIV. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir.1989).

[7] FED. R. CIV. P. 56(e)

is a genuine issue for trial.[8/]  The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a trier of fact or judge to resolve the parties' differing versions of the truth at trial.  In order to show that a genuine issue of material fact exists a non-moving plaintiff must introduce probative evidence that establishes the elements of the complaint.[9/]  Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[10/]  There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[11/]

## VI. DISCUSSION

This case involves interpretation of the language of an insurance policy.  Several principles of Alaska law are involved: (1) the obligations of an insurer are determined by the terms of the policy;[12/] (2) the policy is to be read in its entirety;[13/] (3) the terms are to be interpreted in their ordinary and popular sense as would a person of average intelligence and experience;[14/] (4) restrictions or limitations on coverage stated in plain language are recognized,[15/] but are narrowly construed;[16/] (5) ambiguities are construed

---

[8/] *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir.2002).

[9/] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[10/] *Id.* at 255.

[11/] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[12/] *State Farm Fire & Cas. Co. v. Bongen*, 925 P.2d 1042, 1045 (Alaska 1996).

[13/] *See*  AS § 21.42.230 (providing "[e]ach insurance contract shall be construed according to the entirety of its terms and conditions as set out in the policy and as amplified, extended, or modified by a rider, endorsement, or application that is a part of the policy").

[14/] *Whispering Creek Condominium Owner Ass'n v. Alaska Nat. Ins. Co.*, 774 P.2d 176, 178 (Alaska 1989).

[15/] *C.P. ex rel. M.L. v. Allstate Ins. Co.*, 996 P.2d 1216, 1222 (Alaska 2000).

[16/] *Id.,* 996 P.2d at 1223; *Starry v. Horace Mann Ins. Co.*, 649 P.2d 937, 939 (Alaska 1982).

in favor of the insured;[17] and (6) even if not ambiguous, an insurance policy is construed to give effect to reasonable expectations of the insured.[18] "To determine the parties' reasonable expectations, the court examines (1) the language of the disputed policy provisions; (2) the language of other provisions in the same policy; (3) extrinsic evidence; and (4) case law interpreting similar provisions."[19]  These principles must be applied to the policy at issue before this Court, Policy 2.

Part A entitled "Liability Coverage" contains several subparts, of which two are germane to the issue before this court: the "Insuring Agreement" and the "Exclusions." The "Insuring Agreement" specifies what is insured.  The "Exclusions" on the other hand operate to exclude certain matters that would otherwise be covered under the terms of the insuring agreement.

The "Insuring Agreement" provides in relevant part:[20]

A.  We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for bodily injury or property damage not covered under this policy.

B.  "Insured" as used in this Part means:

1.  You or any family member for the ownership, maintenance or use of any auto or trailer.

2.  Any person using your covered auto.

3.  For your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under 1. and 2. above.

---

[17] *West v. Umialik Ins. Co.*, 8 P.3d 1135, 1138 (Alaska 2000).

[18] *Id.*

[19] *Id.*

[20] Memorandum in Support of Safeco's Motion for Summary Judgment, Exh. 2, Docket 21-3 at 14.

    4.  For any auto or trailer, other than your covered auto, any other person or organization but only with respect to legal responsibility for acts or omissions of you or any family member for whom coverage is afforded under this Part. This provision (B.4.) applies only if the person or organization does not own or hire the auto or trailer.

  Under the terms of the Insuring Agreement, coverage is extended to any "insured." Thus, the initial issue is whether Vasily falls within the definition of an "insured." If Vasily falls within any one of the four categories, the Insuring Agreement includes coverage for the loss; if he does not, there is no coverage. Paragraphs B.2 and B.3 are restricted to the "covered auto." Paragraphs B.1 and B.4 are not so restricted, but apply to any auto. For the following reasons, the Court has determined that Vasily does not fall within the scope of paragraphs B.2 or B.3, but may fall within the scope of paragraphs B.1 or B.4.

  Paragraphs B.2 and B.3 are by their very terms restricted to the covered auto. The Declarations page of Policy 2 identifies but a single vehicle: a 1996 Subaru Legacy L AWD 4 Door Sedan.[21] In the Definitions section, it is stated in relevant part:[22]

  K. "**Your covered auto**" means:

    1.  Any vehicle shown in the Declarations.

    2.  Any of the following types of vehicles on the date you become the owner, whether operational or not:

      a. a private passenger auto;

      b. a pickup or van that:

        (1) has a Gross Vehicle Weight of less than 10,000 lbs; and

        (2) is not used for the delivery or transportation of goods and materials unless such use is:

          (a) Incidental to your business of installing, maintaining or repairing furnishings or equipment; or

---

[21] Memorandum in Support of Safeco's Motion for Summary Judgment, Exh. 2, Docket 21-3 at 10.

[22] *Id.*, at 13.

>>    (b)   for farming or ranching; or
>
>  c.   a motor home or **trailer**.
>
>  If the vehicle you acquire replaces one shown in the declarations, it will have same coverage as the one replaced.
>
>  If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.
>
>  This provision (K.2) applies only if you ask us to insure the newly acquired vehicle during the policy period in which it was acquired or within 30 days after you become the owner, whichever is greater.

* * * *

Putnam contends that the language of K.2 is sufficiently imprecise that the reasonable expectations of the insured would lead them to believe that the 1992 Pickup was covered by Policy 2.  For the following reasons the Court disagrees.

First, Putman takes umbrage with the use of the words "shown" and "Declarations" as being "insurance jargon" that a layperson would not understand.  One must assume that a person of average intelligence and experience would (1) read the entire insuring agreement and (2) understand that "Declarations" would refer to a part of the document that clearly and conspicuously states at its top in large bold print "**AUTOMOBILE POLICY DECLARATIONS**."  A person of average intelligence and experience would also understand that the term "shown in the Declarations" would refer to vehicles that appeared as part of the Declarations.

Second, Putman argues that because the only language in the whole paragraph that shows the paragraph refers to a newly acquired vehicle is "buried at the bottom" it is ambiguous.  Putman asserts that "[i]f one only reads the language of K.2.b.(1) and 2(a) and (b), the 1992 Chevy pickup would be defined as 'your covered auto.'"[23/]  While that may be, it is not the proper test.  Under Alaska law, one must read the entire policy.

---

[23/] Memorandum in Support of opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Motion for Summary Judgment, Docket 27-1 at 16.

A person of average intelligence and experience would not read the policy as including the 1992 Chevrolet pickup as a "covered auto."

Turning to paragraph B.1. As defined by the policy, "'Family member' means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household." Vasily is clearly a family member if he resided in the same household as did the Basargins. Neither party has submitted any evidence as to the residential status of Vasily. Accordingly, a triable issue of fact remains with respect to whether coverage exists under paragraph B.1. of the Insuring Agreement.

Turning to paragraph B.4, assuming that Vasily is not a "family member," he could fit within that category. Paragraph B.4 provides a four-prong test: (1) the auto was not covered; (2) the person was "other person"; (3) Basargin has legal liability for the accident; and (4) Vasily did not own the vehicle. The first and fourth prongs are clearly met: the vehicle was not covered and Vasily did not own it. Because under this hypothesis Vasily does not fit within either B.1, B.2., or B.3, he must necessarily fall within the scope of "any other person." Any other reading of that provision would effectively render it meaningless. While it is unclear from record whether the third prong, the liability of Basargin, has been established for the purposes of coverage under this policy, the Court assumes for the purpose of ruling on the motions at bar that it has.[24]

At this point, unless it is otherwise excluded, it appears that coverage is available, at least to the extent that the Basargins have liability under any of the three theories pleaded by Putman in his complaint in the state court action. But, as Safeco points out, we must also look at the exclusions to coverage. The "Exclusions" provide in relevant part:[25]

---

[24] Coverage under Policy 1 was clearly present under its corresponding paragraph B.2. Under the terms of the Settlement Agreement, it appears that Safeco has acknowledged that the Basargins are legally liable for Putman's injuries under one or more of the legal theories pleaded in the complaint filed in the Alaska Superior Court.

[25] Memorandum in Support of Safeco's Motion for Summary Judgment, Exh. 2, Docket 21-3 at 15.

> B. We do not provide Liability Coverage for the ownership, maintenance or use of:
>
> * * * *
>
> 2. Any vehicle, other than your covered auto, which is:
>
>     a. owned by you; or
>
>     b. furnished or available for your regular use.

It is undisputed that the vehicle involved in the accident was owned by the Basargins. Consequently, it clearly falls within the scope of subparagraph B.2.a. Putman makes several arguments that, in his view, would negate the application of paragraph B.2. First, Putman argues that "Liability Coverage" is not defined. The Court rejects this argument. "Liability Coverage" is the title of the section in which the provision in question appears and the extent of that coverage is clearly set forth in the first paragraph of A of the "Insuring Agreement," quoted above.

Second, Putman argues that the term "covered auto" is ambiguous; an argument the Court has already rejected.

Third, Putman argues that what he terms the ambiguous exclusionary language of subparagraph B.2.a. directly conflicts with the language of paragraph B.4. The Court agrees, it does conflict with the insuring agreement. That does not, however, mandate a result favorable to Putman. Every exclusion necessarily conflicts with an insuring agreement because it excludes what the insuring agreement would otherwise include. The insuring agreement sets broad parameters of what is insured: exclusions narrow the coverage. If no coverage exists under the insuring agreement, an exclusion is unnecessary.

While Putman apparently does not quarrel with the principle that courts enforce clearly stated exclusions he argues that this exclusion differs materially from and attempts to distinguish the language used by Safeco in Policy 2 from the two decisions adverse to his position: the Ninth Circuit decision in *Allstate Ins. Co. v. Ellison*[26] and the

---

[26] 757 F.2d 1042 (9th Cir.1985)

Alaska Supreme Court in *Jones v. Horace Mann Ins. Co.*,[27] arguing that the language in those two cases was much clearer than the language used by Safeco. In *Ellison*, as quoted by Putman, the policy language was "[w]e do not cover bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of aircraft."[28] In *Jones*, again as quoted by Putman, the language used that the court noted was sufficient to exclude coverage was "[t]his policy does not apply to liability: ··· c. resulting from the ownership, maintenance, use, loading or unloading by an insured of motorized vehicles."[29] The Court finds the differing language to be a distinction without a substantive difference.[30] Paragraph B.2.a clearly and unambiguously excludes from the "Liability Coverage" any liability arising out of the ownership, maintenance or use of an owned auto, other than a covered auto.

---

[27] 937 P.2d 1360 (Alaska 1997)

[28] 757 F.2d at 1044.

[29] 937 P.2d at 1366.

[30] Putman's argument is further undercut by the complete statement by the Alaska Supreme Court in *Jones*.

> EXCLUSIONS THAT APPLY TO COVERAGES L AND M
> This policy does not apply to **bodily injury** or **property damage** which results directly or indirectly from:
>
> ···
>
> 3. the ownership, operation, maintenance, use, occupancy, renting, loaning, entrusting, supervision, loading or unloading of **motorized vehicles** ··· owned or operated by or rented or loaned to an insured.
>
> The original language stated in relevant part:
>
> This policy does not apply to liability:
>
> ···
>
> c. resulting from the ownership, maintenance, use, loading or unloading by an insured of motorized vehicles ··· except as provided under Incidental Liability and Medical Payments Coverages[.]
> We conclude that it is unnecessary to construe AS 21.36.235. As the superior court correctly observed, the original policy issued by Horace Mann also restricts coverage.

The Alaska Supreme Court did not have any problem with construing the terms "liability" as being sufficiently similar to "bodily injury or property damage," that Putman argues is the preferred and clearer language, to preclude coverage.

"[T]he mere fact that two parties to an insurance contract have differing subjective interpretations of that contract does not make it ambiguous. Rather, ambiguity exists only when the contract, taken as a whole, is *reasonably* subject to differing interpretations."[31]  Contrary to Putman's argument, Policy 2 is not *reasonably* subject to differing interpretations. Policy 2 read in its entirety could only be understood by a person of reasonable intelligence and experience that, the fact it may have otherwise fallen within the scope of the "Insuring Agreement" notwithstanding, it did not cover any other vehicle owned by the insured. As the Alaska Supreme Court has made clear: "It is well settled that in situations in which reasonable interpretation favors the insurer, and any other would be strained and tenuous, no compulsion exists to torture or twist the language of the contract."[32]  This is such a situation. It defies common sense and understanding to assume that a person of average intelligence and experience would believe that a policy purchased to cover Car A extended to Car B, which the person also owns, or *vice versa*. The Court finds this particularly true in the case at bar where the extrinsic evidence shows that the insured had two policies covering different vehicles, the other, Policy 1, expressly covered the vehicle in question.

The Court is convinced that the Alaska Supreme Court would deny coverage under the exclusionary clause, subparagraph B.2.a. Coverage under the policy is excluded for any auto owned by the insured other than a "covered auto." To allow coverage for an owned auto that was not covered by the policy would ignore the clear language of the exclusionary clause. This the Court may not do.[33]

## VII.  CONCLUSION

For the foregoing reasons, the motion for summary judgment filed by plaintiff Safeco Insurance Company of Illinois at Docket No. 20 is **GRANTED**; and the cross-

---

[31] *Dugan v. Atlanta Cas. Companies*, 113 P.3d 652, 655 (Alaska 2005) (internal quotation marks and citations omitted) (emphasis in the original).

[32] *Id.* (internal quotation marks and citations omitted); see also *Ellison*, 757 F.2d at 1044 ("The court will not artificially create ambiguity where none exists. If a reasonable interpretation favors the insurer and any other interpretation would be strained, no compulsion exists to torture or twist the language of the policy.")

[33] *See Ellison*, 757 F.2d at 1045.

motion for summary judgment filed by defendant Zachary Putman at Docket No. 26 is **DENIED**.

IT IS ORDERED AND DECLARED THAT plaintiff Safeco Insurance Company of Illinois owes no duty to defend or indemnify Vasily Barsargin, Ivan Basargin, and Poluheria Basargin, or any of them, under Safeco Policy H1841823, for the vehicle/motorcycle accident occurring on or about July 6, 2005, at or near the intersection of Northern Lights Boulevard and Boniface Parkway in Anchorage, Alaska, in which Zachary Putman was injured and was the subject of that certain lawsuit in the Alaska Superior Court, entitled *Zachary Putman v. Vasily Basargin Ivan Basargin, and Poluheris Basargin*, Case No. 3AN-05-10947 Civil.

The Clerk of the Court to enter judgment accordingly. Costs and attorney's fees, if any, to be awarded in accordance with FED. R. CIV. P. 54 and D. AK. L.R. 54.1 and 54.3.

Dated: October 10, 2006

                 s/ Timothy M. Burgess
                 TIMOTHY M. BURGESS
                 United States District Judge